**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Keith Goss, | No. CV-18-08295-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. |  |
| Lynette Bonner, et al., |  |
| Defendants. |  |

Pending before the Court is Defendant Jayson Watabe's Motion to Dismiss the Amended Complaint, (Doc. 36). Plaintiff Keith Goss responded, (Doc. 37, "Resp."), and Defendant replied, (Doc. 38, "Reply"). Defendant moves to dismiss Plaintiff's remaining claims under the Federal Wiretap Act and *Bivens* pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). (Mot. at 1.) Plaintiff responds that the "Court should find either that a *Bivens* claim lies or that [Watabe] is subject to the federal wiretap law." (Resp. at 8.) The Court has considered the pleadings and applicable law and finds dismissing both claims appropriate.[1]

**I.  BACKGROUND**

### A. Procedural History

Plaintiff Keith Goss, a former podiatrist for Tuba City Regional Health Care

---

[1] Neither party requested oral argument at the Court elects to resolve the Motion without it. LRCiv 7.2(f).

1 Corporation ("TCRHCC"), initially brought this action against numerous individuals in
2 Coconino County Superior Court ("Superior Court") on February 9, 2018. (Doc. 1-2 at 33.)
3 While there, in response to a motion to dismiss, the Superior Court dismissed the complaint
4 with leave to amend. (*Id.* at 62, 110.) He subsequently filed an amended complaint ("FAC")
5 on August 17, 2018. (*Id.* at 176-191, "FAC"). His FAC alleged (1) defamation counts
6 against Lynette Bonner, Zane Kelley, Steven Holve, Joe Magee, Kathryn Magee, Jennifer
7 Whitehair, and Jayson Watabe and (2) a violation of 18 U.S.C. § 2515 and a *Bivens* claim
8 against Watabe. (*See id.* at 180-188.) Although Defendants moved to dismiss the FAC in
9 Superior Court, (Doc. 1-2 at 210-228), the action was removed to this Court before the
10 Superior Court could resolve the motion, (Doc. 1). Since the case's removal, the Court has
11 dismissed the defamation counts in response to another motion to dismiss. (Doc. 35.) Thus,
12 Plaintiff's two remaining claims, the ones challenged here, are brought only against
13 Watabe, a former TCRHCC physician assistant.

### B. Factual Background

Both residual claims arise out of Watabe's recording of a conversation he had with Goss in a hospital closet on the Navajo Reservation while both were on duty. (*See* FAC ¶¶ 22-30.) At the time of the recording, both individuals were employed by TCRHCC, which is owned by the Navajo Nation and operates the former Indian Health Service hospital in Tuba City, Arizona under the Indian Self-Determination and Education Assistance Act ("ISDEAA"), Pub. L. 93-638, 88 Stat. 2203.2.

The first count is brought under the Federal Wiretap Act, 18 U.S.C. § 2515. Plaintiff claims Watabe violated the Act "when he recorded a conversation with Plaintiff when Plaintiff had every reason to belief the conversation was private given that they went into a closet to talk." (FAC ¶ 24.) He further alleges the "interception was made by Defendant Watabe for the purpose of tortious conduct, to cause emotional distress or other harm to Plaintiff, while acting in his individual capacity" and that the interception "damaged [him] when it was used in an administrative proceeding at the Tuba City Regional Hospital." (*Id.* ¶¶ 27-28.) The alternate count is brought under *Bivens*, where Plaintiff claims "Watabe,

while acting under the color of law for the Tuba City Regional Hospital . . . violated Plaintiff's right to privacy when he recorded a conversation with Plaintiff when Plaintiff had every reason to believe the conversation was private." (*Id.* ¶ 29.)

Watabe moves to dismiss both counts under Rules 12(b)(1) and 12(b)(6). (Mot. at 1.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a facial attack, the court "accept[s] the plaintiff's allegations as true" and "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction," "drawing all reasonable inferences in the plaintiff's favor." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a facial attack, our inquiry is confined to the allegations in the complaint, while a factual attack permits the court to look beyond the complaint. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2004). The party asserting jurisdiction bears the burden of proof. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). When the plaintiff does not meet the burden of showing the court has subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### III. DISCUSSION

#### A. Federal Wiretap Act Claim 18 U.S.C. § 2515

"The Federal Wiretap Act is designed to prohibit 'all wiretapping and electronic surveillance by persons other than duly authorized law enforcement officials engaged in the investigation of specified types of major crimes.'" *Greenfield v. Kootenai Cty.*, 752 F.2d 1387, 1388 (9th Cir. 1985) (citation omitted). As broad as the Act may seem, it excepts certain conduct under 18 U.S.C. § 2511(2)(c) and (d). The first subsection states:

> It shall not be unlawful under this chapter for a person *acting under color of law* to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C. § 2511(2)(c) (emphasis added). The other one states:

> It shall not be unlawful under this chapter for a person *not acting under color of law* to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d) (emphasis added).

With the Act's purpose and these two exceptions in mind, the Court turns to the FAC's allegations, which do not clearly allege whether Watabe was acting under color of law when he recorded Plaintiff in the closet. (*See* FAC ¶¶ 2, 8, 22-28.) Nonetheless, Watabe argues this claim fails under Rule 12(b)(6) regardless of whether he was allegedly acting under color of law. (Mot. at 9-12.) In response, Plaintiff argues the claim survives because "there are exceptions for certain acts of federal employees acting under color of law," but he does not explain what they are. (*See* Resp. at 4-5.) The Court agrees with Watabe.

Notwithstanding whether Watabe allegedly acted under color of law in terms of the Act, his conduct is exempt. If he *was* acting under color of law, section 2511(2)(c) exempts his conduct because he was "a party to the communication." 18 U.S.C. § 2511(2)(c). Plaintiff fails to show this section does not exclude Watabe's alleged recording. *See id.* ("It shall *not* be unlawful under this chapter for a person acting under color of law to intercept a . . . oral . . . communication, where such person is a party to the communication." (emphasis added)). On the other hand, if Watabe was *not* acting under color of law, section 2511(2)(c) would warrant dismissal because the FAC contains no allegations that the recording was "intercepted for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d). Although Plaintiff argues "he was damaged" by Watabe's recording, the only allegations that come close to alleging a criminal or tortious act are conclusory.[2] (*See* FAC ¶¶ 27-28 ("The interception was made by Defendant Watabe for the purpose of

---
[2] Plaintiff points to nothing in his FAC alleging otherwise.

tortious conduct, to cause emotional distress or other harm to Plaintiff, [and it] damaged [him] when it was used in an administrative proceeding"). The FAC lacks any *factual* allegations supporting a finding that Watabe recorded the conversation to commit criminal or tortious conduct and the Court is left unaware of what encompasses Plaintiff's "emotional distress" or how using a recording in an administrative proceeding is criminal or tortious. Without such factual allegations, Watabe's claim would also be excluded under section 2511(2)(d) even assuming he was not acting under color of law.[3]

Accordingly, Watabe's conduct, *as alleged*, gives Plaintiff no cognizable cause of action under the Act, regardless of whether he was acting under color of law, and will be dismissed under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

### B. *Bivens* Claim

Plaintiff's alternate claim against Watabe for his closet recording is brought under *Bivens*, where the Supreme Court created "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft*, 556 U.S. at 675 (quoting *Correctional Services Corp. v Malesko*, 534 U.S. 61, 66 (2001)); *see also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). To prevail under *Bivens*, a plaintiff must allege (1) a federal actor (2) acting under color of federal law (3) deprived him of a Constitutional right. *See Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003); *Murgia v. United States*, No. 2:07-CV-0101-HRH, 2010 WL 11628039, at *3 (D. Ariz. Apr. 28, 2010). Because of its judicially created nature as an implied cause of action, "the [Supreme] Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).[4]

---

[3] Watabe also argues this claim should fail because "[Plaintiff] cannot demonstrate that he had a reasonable expectation of privacy in the hospital closet, which [Plaintiff] recognizes is required to meet the 'oral communication' [requirement] under the [Act]." The Court need not address this argument because the FAC's allegations otherwise fail.

[4] In fact, the Supreme Court in *Ziglar* noted how the Court "has 'consistently refused to extend *Bivens* to any new context or new category of defendants[]' . . . for the past 30 years,'" *id.* (quoting *Malesko*, 534 U.S. at 68), and that there are only "three *Bivens* claims the Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma," *Ziglar*, 137 S.

The FAC alleges Watabe, acting under color of law, violated Plaintiff's right to privacy under the Fourth Amendment by recording him in the hospital closet. (FAC ¶¶ 29-30.) Watabe argues the claim must be dismissed because he is immune under 42 U.S.C. § 233(a), or alternatively, because he is not a federal actor. (Mot. at 4-8.) The Court begins with Watabe's claim to immunity.

### 1. Absolute Immunity Under 42 U.S.C. § 233(a)

Section 233(a) states:

> *The remedy against the United States provided by sections 1346(b) and 2672 of Title 28*, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, *for damage for personal injury*, including death, *resulting from the performance of medical, surgical, dental, or related functions*, including the conduct of clinical studies or investigation, *by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action* or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a) (emphasis added). The Supreme Court interpreted this section as it relates to precluding a *Bivens* remedy in *Hui v. Castaneda*, 559 U.S. 799 (2010). There, the Supreme Court held that even where a *Bivens* remedy is generally available, no such claim can be brought against a party immune from suit. *Id.* at 806. In other words, the *Hui* Court precluded an implied cause of action under *Bivens* for the conduct at issue there because Congress had explicitly created one for those circumstances under the Federal Tort Claims Act. *See id.* The Court reasoned:

> Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such

---

Ct. at 1860.

- 7 -

> conduct. By its terms, § 233(a) limits recovery for such conduct to suits against the United states.

*Id.* In applying section 233(a), another court in this District reasoned that "*Hui* did not preclude all claims against PHS employees, only a *Bivens* claim that arose from the performance of medical, dental, surgical, or related services." *Goss v. United States*, 353 F. Supp. 3d 878, 886 (D. Ariz. 2018); *see also Reedy v. Cloos*, No. 6:15-cv-01613-AC, 2016 WL 3360667, at *1 (D. Or. Apr. 18, 2016) (similarly interpreting with contrary finding).

While the Court finds this interpretation of section 233(a) reasonable, it does not warrant immunity because Plaintiff's *Bivens* claim, as alleged, does not concern conduct arising out of Watabe's providing of medical, surgical, dental, or other related services. *See Hui*, 559 U.S. at 806; *cf. Goss*, 353 F. Supp. 3d at 887. In arguing otherwise, Defendant cites *Brignac v. United States*, 239 F. Supp. 3d 1367, 1377 (N.D. Ga. 2017), for the proposition that section 233(a) may extend to peripheral issues concerning medical care such as the hiring and retention of doctors, (Mot. at 8-9 n.4), and points to an affidavit declaring that he recorded Plaintiff because "he had an employment-related duty to advance TCRHC's interests in providing safe and quality health care to its patients," (Doc. 36-1 at 2). While Plaintiff's *Bivens* claim could arguably arise "out of [Watabe's] performance of medical or related functions," *see Hui*, 559 U.S. at 806, the undeveloped factual record at the motion to dismiss stage fails to support that finding. Accordingly, immunity under section 233(a) is inappropriate.

### 2. <u>Whether Watabe is a Federal Actor Under *Bivens*</u>

Because "actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § by a federal actor under *Bivens*," *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991), a person acts under color of federal law by "exercising power possessed by virtue of [federal] law and made possible only because the wrongdoer is clothed with the authority of [federal] law." *Polk Cty. v. Dodgson*, 454 U.S. 312, 317-18 (1981); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (noting how *Bivens* is

basically a 1983 claim against federal officers); *Boney v. Valline*, 597 F. Supp. 2d 1167, 1172 (D. Nev. 2009) (plaintiff must show constitutional violation was "committed by a federal actor").

Against this backdrop, Watabe argues the *Bivens* claim fails because he is not alleged to be a federal actor. (Mot. at 4-5; Reply at 2-5.) As it relates to this issue, the FAC alleges "Watabe, while acting under the color of law for the Tuba City Regional Hospital, believed to be at the· direction of the hospital management or with its acquiescence, violated Plaintiff's right to privacy . . . ." (FAC ¶ 29.) It further alleges Watabe was acting within the scope of his employment and "under the color of law as to the *Bivens* claim." (FAC ¶¶ 7-8, 29.) After considering Plaintiff's response, the Court agrees with Watabe.

As a general matter, "an employer's contract with the federal government does not render its employees federal for purposes of *Bivens* claims." *Goss*, 353 F. Supp. 3d at 890; *see also Minneci v. Pollard*, 565 U.S. 118, 126 (2012) (finding no *Bivens* claim for an Eight Amendment claim against privately employed prison guards at a federal prison); *Malesko*, 534 U.S. at 70-71. In *Goss*, a court in this District held that another TCRHCC employee was not a federal actor for *Bivens* purposes. *Goss*, 353 F. Supp. 3d at 890. The court reasoned that just because the TCRHCC employee was a federal employee under the FTCA and could invoke section 233(a) immunity did not make her otherwise amenable to *Bivens* as a federal actor. *See id.* ("The fact that the [TCRHCC] works under a contract approved by the federal government through the ISDEAA does not transform [the employee] into a federal employee for all purposes."); *see also Dupris v. McDonald*, No. 08-8132-PCT-PGR, 2012 WL 210722, at *12-14 (D. Ariz. Jan. 24, 2012) (tribal police officers not federal actors under *Bivens* because they were not authorized to make arrests under federal law, even though they could be considered federal employees for FTCA purposes); *Murgia*, 2010 WL 11628039, at *4 (reasoning that tribal police officers cannot be deemed federal actors under *Bivens* solely because they are federal employees under a federal statute).

Plaintiff cites no persuasive case law refuting *Goss*. Thus, as an employee of TCRHCC, Watabe is not a federal employee under *Bivens* and the Court will dismiss the

claim against him under Rule 12(b)(1).[5] *Goss*, 353 F. Supp. 3d at 890.

### C. Leave to Amend

Plaintiff does not request leave to amend his FAC. However, in accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [he] could not cure [the FAC's] deficiencies by amendment," the Court will give him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("leave to amend should be "freely" given "when justice so requires[]"). Plaintiff's second amended complaint must address the deficiencies identified above.

Within thirty (30) days from the date of entry of this Order, Plaintiff may submit a second amended complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supersedes the original complaint, *see Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," L.R.Civ 15.1.

### IV. CONCLUSION

Plaintiff's claim under the Federal Wiretap Act is dismissed under Rule 12(b)(6) because the FAC alleges no conduct that violates the Act, regardless of whether Watabe is allegedly acting under color of law. In addition, his alternate claim under *Bivens*, which is based on the same allegations, fails under Rule 12(b)(1) because the FAC does not allege Watabe was a federal actor, and alternatively under Rule 12(b)(6) because it alleges no

---

[5] Even if Watabe were a federal employee under *Bivens*, the claim would still fail under 12(b)(6) because the FAC alleges no facts supporting a Fourth Amendment violation. The Fourth Amendment does not protect information a person voluntarily reveals to another. *See United States v. White*, 401 U.S. 745, 749 (1971) (noting that the Fourth Amendment "affords no protection to a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it" (internal quotation marks and citation omitted). This alone permits no *Bivens* claim. But even ignoring this, Plaintiff had no reasonable expectation of privacy in a hospital closet even if the door was closed and it was only him and Watabe. *See Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1335 (9th Cir. 1987) (noting how a government employee only has "a reasonable expectation of privacy in areas given over to his exclusive use, unless he was on notice from his employer that searches of the type to which he was subjected might occur from time to time for work related purposes").

Fourth Amendment violation. At any rate, Plaintiff may amend his FAC as it relates to the Federal Wiretap Act claim, but not the *Bivens* claim.

Accordingly,

**IT IS ORDERED GRANTING** Defendant Watabe's Motion to Dismiss the Amended Complaint, (Doc. 36).

**IT IS FURTHER ORDERED GRANTING** Plaintiff leave to amend within 30 days of the date of this order. If no second amended complaint is filed, the Clerk of Court is directed to terminate this case and enter judgment accordingly.

Dated this 24th day of March, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge