**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Goss, | No. CV-18-08295-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Lynette Bonner, et al., | |
| Defendants. | |

Pending before the Court is Defendant Watabe's Motion to Dismiss the Second Amended Complaint (Doc. 41). Plaintiff Keith Goss responded, (Doc. 42), and Defendant replied (Doc. 43). The Court has considered the pleadings and applicable law and will grant the motion.[1]

### I.   Background

The Court previously described the procedural history of this case in the order dismissing the First Amended Complaint (Doc. 39) and will not repeat it here. The First Amended Complaint had two alternate claims against one Defendant, Jayson Watabe. After the claims were dismissed on March 26, 2020, Plaintiff filed his Second Amended Complaint ("SAC"). The SAC makes one claim against Defendant Watabe, claiming a violation of the Federal Wiretap Act, 18 U.S.C. § 2515. Defendant Watabe moves to dismiss the SAC under Fed. R. Civ. P. 12 (b)(6).

---

[1] Neither party requested oral argument and the Court has determined that oral argument is unnecessary to resolve the motion. LRCiv. P. 7.2(f).

As previously described, this case arises out of the actions of Defendant Watabe when he recorded a conversation between himself and Plaintiff in a hospital closet on the Navajo Reservation. At the time of the recording, both individuals were employed by TCRHCC, which is owned by the Navajo Nation and operates the former Indian Health Service hospital in Tuba City, Arizona under the Indian Self-Determination and Education Assistance Act ("ISDEAA"), Pub. L. 93-638, 88 Stat. 2203.2.

## II.     Legal Standard

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## III.    Discussion

"The Federal Wiretap Act is designed to prohibit 'all wiretapping and electronic surveillance by persons other than duly authorized law enforcement officials engaged in the investigation of specified types of major crimes.'" *Greenfield v. Kootenai Cty.*, 752

F.2d 1387, 1388 (9th Cir. 1985) (citation omitted). As broad as the Act may seem, it excepts certain conduct under 18 U.S.C. § 2511(2)(c) and (d). The first subsection states:

> It shall not be unlawful under this chapter for a person *acting under color of law* to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C. § 2511(2)(c) (emphasis added). Subsection (d) states:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or *tortious act* in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d) (emphasis added).

Plaintiff's claim relies on the second exception because the communication was intercepted for the purpose of committing a tortious act. (Doc. 40, ¶ 46.)

Defendant Watabe makes two arguments for dismissal. The first is that Plaintiff cannot demonstrate this his conversation with Watabe is an "oral communication" as defined by statute. Under the Act, "oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ." 18 U.S.C. § 2510(2). The question of whether a communication is made under circumstances justifying an expectation of privacy is a two-part inquiry. To qualify as a protected communication, the communication must be made by a person "(1) who has a subjective expectation of privacy, and (2) whose expectation was objectively reasonable." *United States v. McIntyre*, 582 F.2d 1221, 1223 (9th Cir. 1978) (citing *United States v. Freie*, 545 F.2d 1217, 1223 (9th Cir. 1976)). A reasonable expectation of privacy exists where "a person ha[s] exhibited an actual (subjective) expectation of privacy," and "the expectation [is] one that society is prepared to recognize as 'reasonable.'" *Katz v. United States*, 389

U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). Plaintiff has plead sufficient facts to satisfy the allegation of a subjective expectation of privacy. He ignores, however, the second requirement and merely states ""[t]here can be no legitimate dispute that a party going into a closet to have a conversation can objectively be found to have an expectation of privacy." (Doc. 42 at 7.)  Plaintiff points to Ninth Circuit case law establishing a test for objective reasonableness in the employment context. *United States v. Gonzalez*, 328 F.3d 543, 547 (9th Cir. 2003) (employee did not have a reasonable expectation of privacy in hospital mailroom where "[he] did not have the means or the authority to exclude others from the premises."); *United States v. Taketa*, 923 F.2d 665, 671 (9th Cir. 1991) (employee with access to and who makes use of co-worker's office, but does not have exclusive use of that office, has no reasonable expectation of privacy there); *see also United States v. Cella*, 568 F.2d 1266, 1283 (9th Cir. 1977) (hospital officer who had access to and control of print shop operations did not have any expectation of privacy over documents which were kept at the print shop premises but over which officer "did not show an independent possessory or proprietary interest").

The Court finds Plaintiff had no reasonable expectation of privacy in a hospital closet even if the door was closed and only he and Watabe were inside. *See Schowengerdt v. General Dynamics Corp*., 823 F.2d 1328, 1335 (9th Cir. 1987) (noting how a government employee only has "a reasonable expectation of privacy in areas given over to his exclusive use, unless he was on notice from his employer that searches of the type to which he was subjected might occur from time to time for work-related purposes").  There are no facts under which Plaintiff could be thought to have exclusive use of the hospital closet.

Plaintiff relies on *McIntyre* and *Fazaga v. Federal Bureau of Investigation*, 916 F.3d 1202 (9th Cir. 2019).  Those cases are distinguishable.  In *McIntyre*, the conversation took place in the office of the person recorded and not in a closet accessible to all employees.  Plaintiff argues that *Fazaga* is dispositive because the court in that case recognized that individuals have a reasonable expectation of privacy from covert recording of

conversations in their homes, cars, and offices, and on their phones. (Doc. 42, p. 10.) Yet, the recording of the conversation did not take place in Plaintiff's home, car or office.

Defendant Watabe's second basis for dismissal is that Plaintiff has failed to sufficiently plead that Watabe's intent was to use the recording for a tortious purpose. The Court disagrees. The Court found that the First Amended Complaint did not adequately plead the requisite intent because the only allegations about intent were conclusory. In the SAC, Plaintiff has added a number of factual allegations that, if taken as true, would suffice to show an intent to use the recording for a tortious purpose. Specifically, he alleged the recording was made with the intent of 1) inflicting emotional distress on Plaintiff; 2) intentionally interfering with Plaintiff's contract of employment by providing information to his boss, Dr. Kelley, to get Plaintiff fired from his employment; 3) ruining Plaintiff's reputation including using the tape to support his defamation of Plaintiff; 4) to use the information to help his own personal position at the hospital; 5) to use the tape to support the comments he made to others including telling others that Plaintiff was not practicing in the scope of his licensing; 6) to help his own career through giving his supervisor information to use for Plaintiff's termination because he himself had complaints filed against him after he tried to harass another employee to get information about Dr. Goss. (SAC ¶¶11-18.) Defendant Watabe argues that these factual allegations and others do not show a contemporaneous intent to commit a tortious act at the time he made the recording. That would be a question for a jury and inappropriate for consideration at this point. The statements made by Watabe around the time of recording could reasonably be inferred to show a contemporaneous intent. Although not all of the alleged tortious activity may survive later challenges, there is enough to survive a motion to dismiss.

Nevertheless, because Plaintiff did not have an objectively reasonable expectation of privacy at the time of the recording, the SAC will be dismissed. As Plaintiff has already been allowed two opportunities to amend his complaint to allege a viable claim, he will not be allowed a third opportunity to amend the complaint.

### IV. Conclusion

**IT IS ORDERED** granting Defendant Watabe's Motion to Dismiss the Second Amended Complaint (Doc. 41) and the Clerk of Court is directed to terminate this case.

Dated this 19th day of November, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge